IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK W. HAEFT, #43341-060            :
                                     : CIVIL ACTION NO. DKC-06-2097
       v.                            :
                                     :
UNITED STATES OF AMERICA             :
                                     :
                            ..oOo..

**MEMORANDUM**

Pending is a pro se motion filed by Mark W Haeft, a federal prisoner incarcerated at FCI- Cumberland, Maryland, who is challenging his payment of court-ordered fines through the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP).[1]  Haeft requests modification of his payment schedule or placement on "exempt status" from participation in the IFRP until his release from custody.  The motion, construed pursuant to 28 U.S.C. §2241 as a petition for federal habeas relief, will be dismissed without prejudice.

In this pleading, Haeft is essentially challenging the execution of his sentence.  As such, it is appropriately considered pursuant to 28 U.S.C. §2241.  *See e.g. United States v. Miller,* 871 F.2d 488, 490 (4th Cir.1989); *Hernandez v. Campbell*, 204 F.3d 861, 864 (7th Cir. 2000) (noting that petitions brought pursuant to 28 U.S.C. §2241 challenge the manner, location or conditions of the execution of a sentence); *Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir.1998); *see also  Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not petitioner's label which determines the status of the pleading).

Administrative remedies available from the Bureau of Prisons (BOP) must be exhausted before petitioning for  writ of habeas corpus pursuant to §2241.  Haeft acknowledges that he is currently pursuing available administrative remedies. Paper No. 1 at 1.  He does not proffer any

---

[1] On July 25, 2005, United States District Court for the District of Ohio sentenced Haeft to 40 months imprisonment after he pleaded guilty to bank robbery.  The court also ordered payment of a $100.00 assessment and $2,887.00 in restitution. *See United States v, Haeft*, Criminal Action 3-05-714-DAK-1 (D. Oh.).

evidence to show the administrative process is futile, inadequate or otherwise unavailable. As it is clear that there is no administrative exhaustion here, the Petition will be dismissed without prejudice so that Haeft may refile his claims after completing the administrative process.

To the extent Haeft might be seeking injunctive relief, Rule 65 of the Federal Rules of Civil Procedure requires movants to demonstrate: (i) the likelihood of irreparable harm if the preliminary injunction is denied; (ii) the likelihood that Defendant will not be harmed if the requested relief is granted; (iii) the likelihood of success on the merits; and (iv) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977). According this pro se pleading liberal construction, *see Haines v. Kerner* 404 U.S. 519, 520 (1972), Haeft, nonetheless fails to provide basis to award injunctive relief. [2]

For the above reasons, the petition will be dismissed without prejudice. A separate Order follows.

\_\_8/28/06 \_\_\_\_\_            _____/s/_____
Date                             DEBORAH K. CHASANOW
                                 United States District Judge

---

[2]   There is ample case precedent for the proposition that BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine. *See McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999); *Montano-Figueroa v. Crabtree,* 162 F.3d 548, 549-50 (9th Cir.1998)) *see also* 28 C.F.R. § 545.11 (requiring inmates to make payments towards court-ordered obligations, including fines). The IFRP has uniformly been upheld against constitutional due process challenges. *See Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990); *James v. Quinlan*, 866 F.2d 627, 629 (3rd Cir. 1989); *United States v. Callan*, 96 F. Appx. 299, 301 (6th Cir. 2004)(noting that the authority that exists supports the IFRP against general, and due process, challenges). The Fourth Circuit has consistently upheld the propriety of collecting fines and special assessments through the IFRP. *See, e.g., United States v. Espinoza-Cartagena*, 23 Fed.Appx. 187 (4th Cir. 2002) (unpublished); *United States v. Walker*, 83 F.3d 94 (4th Cir. 1996); *United States v. Francisco*, 35 F. 3d 116, 122 (4th Cir. 1994).